UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**REGINALD LEE BLACK,**

   Petitioner,

v.                                        Case No.: 8:20-cv-3038-T-27CPT
                                             Criminal Case No.: 8:17-cr-513-T-27CPT

**UNITED STATES OF AMERICA,**

   Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Petitioner Black's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), the United States' Response in Opposition (cv Dkt. 6), and Black's Reply (cv Dkt. 9). Upon review, Black's § 2255 motion is **DENIED**.

## BACKGROUND

In 2017, Black was indicted and charged with conspiracy to commit the offenses of fraudulent use of a counterfeit access device, possession of 15 or more counterfeit or unauthorized access devices, and aggravated identity theft, in violation of 18 U.S.C. § 371 (Count One); fraudulent use of a counterfeit access device, in violation of 18 U.S.C. §§ 1029(a)(1), (b)(1), (c)(1)(A)(i), and 2 (Counts Two through Twenty-Six); possession of 15 or more counterfeit or unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(3), (c)(1)(A)(i), and 2 (Counts Twenty-Seven and Twenty-Eight); and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Counts Twenty-Nine and Thirty). (cr Dkt. 1). He filed a motion to suppress evidence, which was denied. (cr Dkts. 30, 61). To preserve his right to appeal the denial of the

motion, he proceeded to a bench trial and stipulated to facts provided by the United States. (cr Dkt. 101 at 2-4, 10-16); *see also* (cr Dkts. 73, 74).

The stipulated facts reflected that Black used counterfeit credit cards at several stores. (cr Dkt. 73 at 1-4). After his arrest, he told law enforcement that he "conspired with others to buy stolen credit/debit card account numbers on the internet" and created counterfeit cards, which he used to make purchases. (Id. at 4-5). On his cell phone, investigators found credit card information and "counterfeit cards embossed in the name of [his] conspirator[] members, and numerous messages referencing counterfeit cards." (Id. at 4). He was found and adjudicated guilty on all counts "set forth in the indictment." (cr Dkt. 101 at 16-17).

Black's presentence investigation report (PSR) applied a base offense level 22 and a two-level enhancement for obstruction of justice, resulting in a total offense level 24. (cr Dkt. 81 ¶¶ 22-36). With a criminal history category VI, Black's guidelines range was 100 to 125 months imprisonment, followed by consecutive 24-month terms as to Counts Twenty-Nine and Thirty. (Id. ¶¶ 63, 120). He did not object to the PSR. (Id. at p. 85); (cr Dkt. 110 at 5). At sentencing, the United States acknowledged that it could not present evidence to support the obstruction enhancement, which reduced his guidelines range to 84 to 105 months. (cr Dkt. 110 at 3-4, 8). Black requested a reduction for acceptance of responsibility, which the United States opposed and was denied.[1] (Id. at 25-34). He was sentenced to 60 months imprisonment on Count One, 96

---

[1] In denying the request, it was noted that Black "stipulated to the facts supporting his conviction and agreed to a bench trial, waived a jury trial, to preserve the constitutional issues that he advocated in his motion to suppress." (cr Dkt. 110 at 33). However, as to his relevant conduct while awaiting trial, law enforcement testified that, while detained, he recruited other inmates to deposit stolen money onto their canteen accounts. (Id. at 11-19). This was deemed "inconsistent with acceptance of responsibility." (Id. at 34).

months on Counts Two through Twenty-Eight to run concurrent to the term imposed on Count One, and consecutive terms of 24 months on Counts Twenty-Nine and Thirty. (cr Dkt. 85 at 4). He appealed the denial of his motion to suppress evidence, and his convictions were affirmed. *See United States v. Black*, No. 19-10793, 2019 WL 3074652 (11th Cir. July 11, 2019); (cr Dkt. 113).

In his § 2255 motion, Black raises a due process claim, contending that his Indictment was overly broad because it did not specify whether he violated 18 U.S.C. § 2(a) or (b), which resulted in "double punishment," and that the aiding and abetting charges were unsupported by evidence (Ground One). (cv Dkt. 1 at 4). He also raises a related claim of ineffective assistance of trial and appellate counsel (Ground Two). (Id. at 5). As the United States correctly contends, Black's claims in Ground One are procedurally defaulted, and all of his claims lack merit. (cv Dkt. 6).[2]

## DISCUSSION

In summary, Black is not entitled to relief. First, he procedurally defaulted his due process claims. In any event, his Indictment was not overly broad or result in double punishment, and his convictions were supported. Second, absent deficient performance and resulting prejudice, his ineffective assistance of counsel claims fail. And to the extent he challenges his waiver to a jury trial, the record reflects that he waived the right knowingly and voluntarily.

***Ground One***

In Ground One, Black claims a "[d]enial of substantive and procedural due process by (i) overly broad Indictment, (ii) cumulative excessive double punishment, (iii) and a record lacking relevant evidence as to the crucial elements of the offense charged." (cv Dkt. 1 at 4, 13). These

---

[2] No evidentiary hearing is required because Black's § 2255 motion "and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b).

3

claims are procedurally defaulted and without merit.

*Procedural Default*

Black procedurally defaulted these claims by failing to raise them on direct appeal. *See* (cr Dkt. 113). As the Eleventh Circuit has explained,

> A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so. . . . Defendants can avoid the procedural bar by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence.

*Hill v. United States*, 569 F. App'x 646, 648 (11th Cir. 2014) (citations omitted). "Cause" requires a showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim previously." *Lynn v. United States*, 365 F.3d 1225, 1235 n.20 (11th Cir. 2004) (citations and internal quotation marks omitted). And prejudice requires a showing that errors "worked to [Black's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Black asserts that he did not raise the claims on appeal because "[a]ppellate counsel would not raise this issue." (cv Dkt. 1 at 4, 17-18); (cv Dkt. 9 at 1). To the extent he contends that counsel's ineffective assistance constitutes cause, the contention is without merit. Indeed, because Black's underlying claims have no merit, he is unable to establish that counsel rendered deficient performance or that he suffered resulting prejudice. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). Further, Black cannot establish prejudice because he has not shown errors that worked to his actual and substantial disadvantage. And to the extent he raises actual innocence

to excuse his procedural default, he has not met the requisite showing.[3] *See* (cv Dkt. 1 at 14); *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1010-11 (11th Cir. 2012) (explaining types of actual innocence claims). In summary, his claims in Ground One are procedurally defaulted. However, even if the claims are not procedurally defaulted, they are without merit.

*Merits*

Black first alleges that his Indictment was overly broad because "[t]he Indictment and Judgment Counts Two through Thirty are silent as to whether the charge is 18 U.S.C. § 2(a) (aiding and abetting) or 18 U.S.C. § 2(b) (causing an act to be done). It appears to charge and convict for both § 2(a) and § 2(b)." (cv Dkt. 1 at 13). He reasons that, as a result, he has "been charged and wrongfully convicted of both 18 U.S.C. § 2(a) and § 2(b)," resulting in "double punishment," and that the Indictment "fails to adequately apprise [him] of the charges against him as the Due Process Clause of the Fifth Amendment requires." (Id.). Specifically, he asserts that "[a]n indictment under [§ 2] must be accompanied by an indictment for a substantive offense." (cv Dkt. 1 at 15). However, his contentions are without merit.

Title 18 U.S.C. § 2 provides that

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

---

[3] "'Actual innocence' means factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623-24 (1998), and requires a showing that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

5

"Under 18 U.S.C. § 2, aiding and abetting is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense."[4] *United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015) (citation and internal quotation marks omitted); *see also United States v. Hassoun*, 476 F.3d 1181, 1184 n.2 (11th Cir. 2007) (noting that "one who has been indicted *as a principal* may be convicted on evidence showing that he merely aided and abetted the commission of the offense" (quotation omitted) (emphasis added)). Accordingly, courts have found that an indictment is not overly broad for failing to specify the relevant subsection of 18 U.S.C. § 2. *See, e.g.*, *Saffioti v. United States*, No. 20-14120-CV, 2020 WL 7264278, *3 (S.D. Fla. Sept. 18, 2020); *United States v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984) (noting that "[a]iding and abetting need not be specifically alleged in the indictment"). And he does not support his contention that a judgment must specify the relevant subsection, or that such a claim is cognizable in a § 2255 proceeding.

Additionally, contrary to Black's assertions, the Indictment specifically referenced the substantive crimes, which adequately notified him of the charges.[5] *See* (cr Dkt. 1 at 8-12); *United*

---

[4] As the Eleventh Circuit has instructed

> Under an aiding and abetting theory, the government must prove that the defendant in some way associated himself with the criminal venture, that he wished to bring it about, and that he sought by his actions to make it succeed. Thus, to convict under a theory of aiding and abetting, the government must prove that (1) someone committed the substantive offense; (2) the defendant contributed to and furthered the offense; and (3) the defendant intended to aid in its commission. Put simply, a person is liable under § 2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission.

*Sosa*, 777 F.3d at 1292 (internal quotation marks and citations omitted).

[5] Specifically, he was charged with 18 U.S.C. § 2 as to fraudulent use of a counterfeit access device, in violation of 18 U.S.C. §§ 1029(a)(1), (b)(1), (c)(1)(A)(i), and 2 (Counts Two through Twenty-Six); possession of 15 or more counterfeit or unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(3), (c)(1)(A)(i), and 2 (Counts

*States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998). Further, as to Counts Two through Twenty-Six, Twenty-Nine, and Thirty, the Indictment included 18 U.S.C. § 2(a)'s "aiding and abetting" language. (cr Dkt. 1 at 8-12); *United States v. Germany*, 296 F. App'x 852, 862-63 (11th Cir. 2008) (finding indictment which tracked language in 18 U.S.C. § 2(b) not deficient). In any event, Black does not support his contention that he received "double punishment." Rather, he was adjudicated guilty on all counts and was sentenced within the guidelines to 60 months on Count One, 96 months on Counts Two through Twenty-Eight to run concurrent to the term imposed on Count One, and consecutive terms of 24 months on Counts Twenty-Nine and Thirty. (cr Dkt. 85 at 4).[6]

Black next claims that the record "lack[s] relevant evidence as to the crucial elements of the offense charged," specifically as to his "specific intent to facilitate the commission of a crime by another person," and that the record does not identify the "other person." (cv Dkt. 1 at 13, 15). To the extent he contends that he was only charged with the substantive crimes under an aiding and abetting theory and that the substantive offenses were "lesser included offenses of 18 U.S.C.

---

Twenty-Seven and Twenty-Eight); and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Counts Twenty-Nine and Thirty). (cr Dkt. 1).

[6] To the extent Black raises a claim of multiplicity or a violation of double jeopardy, the claim is defaulted and without merit. (cv Dkt. 1 at 15-16). "An indictment is multiplicitous if it charges a single offense in more than one count." *United States v. Jones*, 601 F.3d 1247, 1258 (11th Cir. 2010) (quotation omitted). To determine whether an indictment is multiplicitous, courts must "verify[ ] that each count requires an element of proof that the other counts do not require." *Id.* (quotation omitted). "[C]harges are not multiplicitous where they differ by a single element or fact." *United States v. England*, 489 F. App'x 299, 303 (11th Cir. 2012) (citation omitted). Here, each count of fraudulent use of a counterfeit access device charged in Black's Indictment related to a different transaction. *See* (cr Dkt. 1 at 8-10). And the two counts of possession of 15 or more counterfeit or unauthorized access devices related to conduct on different dates. (Id. at 10-11). Last, the two counts of aggravated identity theft related to different transactions and victims. (Id. at 12).

As to double jeopardy, the inquiry is "whether each [statutory] provision requires proof of an additional fact which the other does not." *United States v. Lee*, 785 F. App'x 667, 668-69 (11th Cir. 2019) (citations omitted). Because Black's offenses required proof of additional facts which the other offenses did not, the double jeopardy clause was not violated. *See, e.g.*, *United States v. Lee*, 743 F. App'x 296, 300 (11th Cir. 2018) (finding no violation where defendant charged with aggravated identity theft and access device fraud).

7

§ 2," he is incorrect. *See* (Id. at 15). Indeed, even if the evidence did not support a conviction under an aiding and abetting theory, the evidence supported the convictions for fraudulent use of an access device, possession of 15 or more counterfeit credit cards, and aggravated identity theft.[7]

In any event, Black's claim that the aiding and abetting charges were unsupported is without merit. As noted, he has not produced new reliable evidence to establish his actual innocence, and his challenge to the sufficiency of the evidence likewise fails. *See Amodeo v. FCC Coleman - Low Warden*, 984 F.3d 992, 1002 (11th Cir. 2021) (noting that a freestanding claim of actual innocence is "meritless in a collateral proceeding"); *Portocarrero v. United States*, No. 8:13-CV-2779-T-27MAP, 2013 WL 5944246, at *3 (M.D. Fla. Nov. 6, 2013) (finding that a challenge to sufficiency of the evidence "constitutes a claim of legal innocence as opposed to factual innocence").

Even if the claim is cognizable, the stipulated facts reflect that Black used counterfeit credit cards at several stores. (cr Dkt. 73 at 1-4); (cv Dkt. 1 at 14). After his arrest, he told law enforcement that he "conspired with others to buy stolen credit/debit card account numbers on the internet" and created counterfeit cards, which he used to purchase gift cards and electronics. (cr Dkt. 73 at 4-5). On his cell phone, investigators found credit card information and "counterfeit

---

[7] Notably, the alternative theory of aiding and abetting as to Counts Two through Thirty was not addressed at Black's bench trial. Notwithstanding, the United States did acknowledge that references to other individuals included unindicted coconspirators. (cr Dkt. 101 at 14). Black was found and adjudicated guilty "of all counts set forth in the indictment." (Id. at 17).

Black observes that a "second (double) conviction," even if the sentences imposed run concurrently, carries "potential adverse collateral consequences that may not be ignored," such as delaying parole eligibility or an increased sentence for a future offense. *See* (cv Dkt. 1 at 16). However, he does not provide authority extending this reasoning to an offense on which a defendant was also convicted under an alternative aiding and abetting theory. As noted, "[u]nder 18 U.S.C. § 2, aiding and abetting is not a separate federal crime." *Sosa*, 777 F.3d at 1292.

cards embossed in the name of [his] conspirators members, and numerous messages referencing counterfeit cards."[8] (Id.); *see also* (cr Dkt. 101 at 15-16 (affirming the stipulated facts are true and that the Court "may rely on those facts as having been proven beyond a reasonable doubt")). "Solemn declarations in open court carry a strong presumption of verity," and Black does not present evidence demonstrating that his sworn statements were false. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Ross*, 334 F. App'x 317, 318-19 (11th Cir. 2009) (affirming conviction after bench trial where "uncontested evidence" supported guilty verdict). In summary, Black's convictions were supported, and his claims in Ground One do not entitle him to relief.

***Ground Two***

In Ground Two, Black raises a claim of "ineffective assistance of trial and appellate counsel." (cv Dkt. 1 at 5). He contends that

> trial counsel did not challenge the sufficiency of the impermissibly overbroad Indictment as to Counts Two through Thirty, nor did trial counsel challenge the lack of or insufficiency of the evidence for the record as to 18 U.S.C. § 2 conjunctively in Counts Two through Thirty. In fact, rather than subject the prosecution's case to any meaningful adversarial testing, . . . counsel did the opposite – a stipulated facts bench trial.

(cv Dkt. 1 at 17); *see also* (cv Dkt. 9 at 2-4). He further contends that appellate counsel

> omitted and did not mention 18 U.S.C. § 2 as included conjunctively on Counts Two through Twenty-Six[,] . . . did not raise any issue as to the lack of or insufficiency of the evidence for the record as to 18 U.S.C. § 2 conjunctively on Counts Two through Thirty[,] . . . [and] did not raise any

---

[8] Moreover, although the stipulated facts sufficiently supported his convictions under an 18 U.S.C. § 2 alternative theory, evidence presented at the hearing on Black's motion to suppress also supported the convictions. For example, law enforcement testified that when Black used his phone after his arrest, he deleted photographs of a website used by individuals involved in credit card fraud. (cr Dkt. 42 at 22, 90). The photographs included names, birth dates, social security numbers, and credit card information. (Id. at 22, 50-51). Black told officers that an individual sent the photographs to him. (Id. at 23-24). And he was found in a vehicle with a credit card embosser and several fraudulent credit cards in his name. (Id. at 27-29, 146). He told officers that he gave a friend $100 in exchange for counterfeit credit cards. (Id. at 205, 215, 220).

9

> issue as to [Black] being subjected to an impermissible cumulative excessive double punishment on Counts Two through Thirty for an act [he] never committed and for which the record shows the Government's case did not present any evidence.

(cv Dkt. 1 at 18). These contentions are without merit.

To establish ineffective assistance of counsel, Black must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Black has not shown that trial or appellate counsel rendered deficient performance, or that he suffered prejudice resulting from the claimed deficient performance.

As noted, he has not presented any meritorious claims, and counsel is not ineffective in failing to raise a contention that has no legal basis. *See Freeman v. Att'y Gen., State of Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008); *Nyhuis*, 211 F.3d at 1344. And even if the Indictment was defective as to the 18 U.S.C. § 2 charges, or Black's convictions under an aiding and abetting theory were unsupported, the evidence supported the convictions for fraudulent use of an access device, possession of 15 or more counterfeit credit cards, and aggravated identity theft.

To the extent Black contends that counsel was ineffective as to the factual stipulation or bench trial, the claim is without merit. First, Black does not allege that counsel provided inaccurate advice or coerced him to waive his right to a jury trial, and he has not demonstrated that counsel otherwise rendered deficient performance, especially considering the evidence against him. A

stipulated bench trial allowed Black to preserve an appeal of the denial of his motion to suppress evidence without foreclosing an offense level reduction for acceptance of responsibility. *See* (cr Dkt. 101 at 2-4, 17-18); *Ross v. Jarriel*, 219 F. App'x 860, 862 (11th Cir. 2007) (finding no habeas relief warranted where petitioner was "advised of the purpose of the stipulation of the evidence," "voluntarily agreed to the procedure," and "agreed to the tactical decision of stipulating at a bench trial . . . because the only colorable argument in [his] favor was that the search that revealed [the criminal conduct] violated the Constitution"); *Lester v. United States*, No. 3:13-CV-982-J-32JBT, 2014 WL 7274053, at *3 (M.D. Fla. Dec. 22, 2014) (finding no ineffective assistance of counsel where "stipulating to facts . . . and proceeding to a bench trial was strategically the best option").

In any event, Black does not explain how, absent deficient performance, the outcome of the proceedings would have been different. He does not expressly allege that he would have proceeded to a jury trial. *See* (cv Dkt. 9 at 1-2, 4). Notably, prior to the bench trial, Black confirmed that he understood his right to a jury trial and that no one coerced or forced him to give up that right. (cr Dkt. 101 at 5-7). And undisputed evidence, including his own statements, established that he committed the crimes of conviction. *See* (cr Dkt. 73); *United States v. Hatcher*, 541 F. App'x 951, 953 (11th Cir. 2013) (finding no prejudice given "overwhelming evidence of guilt").

Last, although Black asserts in his reply that counsel did not subject the United States' case to "meaningful adversarial testing," he does not expressly challenge his waiver of the right to a jury trial. *See* (cv Dkt. 9 at 1-4). In any event, the challenge is defaulted and without merit. Federal Rule of Criminal Procedure 23(a) provides that "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." A "valid waiver requires a defendant's express, intelligent

consent and must be approved by the responsible judgment of the trial court." *Adamson v. United States*, 288 F. App'x 591, 592-93 (11th Cir. 2008) (citation and internal quotation marks omitted). "Absent any claim of prejudice, there is a presumption that the defendant understandably and intelligently waived his right to a jury trial by executing a written waiver." *Id.* (citation omitted).

The record demonstrates that Black understood his right to a jury trial and voluntarily waived the right. First, he signed a "Waiver of Right to Trial by Jury."[9] (cr Dkt. 76). And prior to the bench trial, he confirmed that he was "waiving [his] right to jury trial and agreeing to stipulate to the facts with the hopes of appealing to the Eleventh Circuit the order . . . denying [his] motion to suppress." (cr Dkt. 101 at 4). He further acknowledged his right to be tried by a jury of 12 jurors, which would allow for cross-examination of witnesses, that he discussed the right with counsel and did not require additional time to decide, that he understood his case would be resolved based on the stipulated facts, and that he was not forced, coerced, or promised anything to waive his right to a jury trial. (Id. at 5-9). His waiver was accepted as knowingly and voluntarily made, and he did not challenge the validity of the waiver prior to his sentencing, at his sentencing, or on appeal. *See*

---

[9] The waiver provided:

> I, Reginald Lee Black, the defendant in this case, do state under oath that I understand that I have a constitutional right to have a jury of twelve people determine, beyond a reasonable doubt, whether I am guilty or not guilty of the charges brought against me in the Indictment. I elect to waive my constitutional right to a trial by jury, however, and to have . . . the trial judge in this case, hear the evidence and testimony and determine, beyond a reasonable doubt, whether I am guilty or not guilty of the charges brought against me in the Indictment.
>
> In making this election to waive my right to a trial by jury, I further state, under oath, that I have had sufficient time to consult with my attorney . . . about waiving my right to a trial by jury, and that I am making this election freely, voluntarily, knowingly, and intelligently, and not because of any promises, inducements, threats, or coercion.

(cr Dkt. 76 at 1); *see also* (cr Dkt. 101 at 4-5).

(Id. at 9-10); *see also Collins v. United States*, No. 8:17-CV-2248-T-24CPT, 2018 WL 11236507, at *4 (M.D. Fla. June 19, 2018) (finding no ineffective assistance of counsel where petitioner failed to establish that waiver of right to jury trial was not knowing and voluntary). In summary, Black's waiver of his right to a jury trial was valid and, absent deficient performance and prejudice resulting from the claimed deficient performance, his ineffective assistance of counsel claims fail.

*Certificate of Appealability ("COA")*

A COA may issue on "a substantial showing of the denial of a constitutional right," which requires Black to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citations omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing standard for procedural rulings). I find that jurists of reason could not disagree with the resolution of Black's constitutional claims or the procedural rulings, or conclude that the issues presented are adequate to deserve encouragement to proceed further. Because he has not met the required standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

**CONCLUSION**

Accordingly, Petitioner Black's § 2255 motion is **DENIED**. (cv Dkt. 1). The Clerk is directed to enter judgment in the United States' favor and against Black, and to **CLOSE** this case.

**DONE AND ORDERED** this 19th day of May, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record